**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **PHILIP MICHAEL GORDON,** | ) | NO. CV 08-8594-R (CT) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING MAGISTRATE JUDGE'S |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| **JAMES A. YATES, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including but not limited to the magistrate judge's report and recommendation, the petition, and petitioner's objections to the magistrate judge's report and recommendation.

Petitioner was convicted on February 25, 1997. After an appeal affirmed the judgment with modifications, the California Supreme Court denied his petition for review on October 27, 1999. (Pet. at 2.) Petitioner then filed a state petition for writ of habeas corpus in the California Superior which was ultimately denied on December 29, 2000. (Pet. Ex. G.) His motion for reconsideration was denied on February 15, 2001. (Pet. Ex. H).

He then filed nothing until, almost seven years later, on January

1  22, 2008, he filed a petition for writ of habeas corpus in the
2  California Supreme Court, which was denied on July 30, 2008. California
3  Appellate Courts – Case Information – California Supreme Court, Case No.
4  S160166 at www.courtinfo.ca.gov.)

5  Even assuming the statute was tolled during petitioner's initial
6  state-level collateral attack, this petition is untimely. See 28
7  U.S.C. § 2244(d)(1).

8  Petitioner contends that equitable tolling applies because his
9  petition is based on the recent decision in Cunningham v,. California,
10  549 U.S. 270 (2007) and because his ineffective trial and appellate
11  counsel raised "impediments and obstructions beyond [his] control."
12  (See, e.g., Obj. at 2.)

13  To support tolling of AEDPA's one-year limitations period based on
14  a change in the law, the right asserted must be both newly recognized by
15  the U.S. Supreme Court and made retroactively applicable to cases on
16  collateral review. 28 U.S.C. § 2244(D)(1)(c). This circuit has held
17  that Cunningham does not announce a new constitutional right on the
18  basis that its decision was dictated by the Supreme Court's Sixth
19  Amendment case law (in particular, by Blakely v. Washington, 542 U.S.
20  296 (2004)). Butler v. Curry, 528 F.3d 624, 637 (2008), cert. denied,
21  __ U.S. __, 2008 WL 4656777 (Dec. 15, 2008). In any event, even if
22  Blakely did reset the limitations period, which it does not, see Schardt
23  v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005), this petition would still
24  be untimely.

25  Petitioner's general allegations with respect to counsel do not
26  support tolling the limitations period. See James v. Borg, 24 F.3d 20,
27  26 (9th Cir. 1994).

28  Accordingly, IT IS ORDERED:

1. The report and recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: February 3, 2009

_____
MANUEL REAL
UNITED STATES DISTRICT JUDGE